894

## Conclusion

The trial court's judgment of conviction and sentence is reversed. This matter is remanded for a new trial.

All concur.

**Lacey Heather WALKER, Respondent,**

v.

**Louis Edward WALKER, Appellant.**

**WD 77459**

Missouri Court of Appeals, Western District.

ORDER FILED: April 21, 2015

stalking verdict directors. *See* MAI–CR 319.42(1), (2), (3), and (4). And in each case, the word "harasses" is a required definition. Thus, it seems that by reference solely to paragraph first of each verdict director, and to the required definition of "harasses," a jury is instructed to determine whether a defendant "purposely harassed"—that is purposely engaged in conduct that would cause a reasonable person to feel frightened, intimidated, or emotionally distressed—or "followed with the intent to harass"—that is followed with the intent to engage in conduct that would cause a reasonable person to. feel frightened, intimidated, or emotionally distressed. The repetition of a part of the definition of "harasses" as a separate essential element to be found by the jury in versions of MAI–CR 319.42 addressing "course of conduct" stalking seems confusing and has the

Nancy A. Garris, Independence, MO, for respondent.

J. Armin Rust, Richmond, MO, for appellant.

Before Division Two: Lisa White Hardwick, Presiding Judge, Victor C. Howard, Judge and Cynthia L. Martin, Judge

## ORDER

Per curiam:

Louis Edward Walker appeals from the trial court's judgment dissolving his marriage to Lacey Heather Walker. Husband argues that the trial court erred in awarding Wife maintenance. We affirm.

Rule 84.16(b).

potential effect of decoupling the effect of a conduct from the requisite *mens rea*. We observe in making this point that even though the definition of "harasses" has always contained essentially the same "reasonable person" language, MAI–CR 319.42(3) and (4) *did not* include what now appears as paragraph third prior to the legislature's amendment of the definition of "harasses" in 2008. We fail to see how the legislature's elimination in 2008 of the State's obligation to establish an "in fact" effect of substantial emotional distress on a victim suddenly remaining "reasonable person" component of the definition of "harasses" into an essential element to be instructed separately from that definition of that term. Though we do not resolve this question here, it is tendered to the MAI–CR criminal instructions committee for consideration.